UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CENTRAL MUTUAL INSURANCE COMPANY § § § | |
| vs. § | CIVIL ACTION NO. 5:20-cv-01335 |
| § § § | |
| ITALIAN RESTAURANTS INC. DBA LITTLE ITALY, AND DCV PROPERTIES LLC § § § | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Central Mutual Insurance Company ("Central"), files this Complaint for Declaratory Judgment, seeking a declaratory judgment that: (1) the appraisal demanded by Italian Restaurants Inc. d/b/a Little Italy ("Little Italy") under an insurance policy issued by Central to Little Italy and DCV Properties LLC ("DCV") is premature until the post-loss requirements imposed on Little Italy and DCV by the insurance contract (such as producing pertinent documents requested Central, allowing samples of the damaged property to be taken by Central, and submitting to an examination under oath) have been satisfied, all of which is necessary to allow Central to determine whether there is a dispute between the parties over the amount of loss; and (2) whether Central has no liability to Little Italy because Little Italy has not sustained a pecuniary loss which would be required for it to recover under the property coverage of the Central policy involved in this lawsuit. In support of this Complaint for Declaratory Judgment, Central would show the following:

## PARTIES

1.

Central is a citizen of the State of Ohio, being an insurance company incorporated in the State

of Ohio, and having its principal place of business in the State of Ohio.

2.

Defendant, Italian Restaurants Inc. d/b/a Little Italy ("Little Italy"), is a citizen of the State of Texas, being a corporation formed under the laws of the State of Texas and having its principal place of business in the State of Texas. Italian Restaurants may be served by service of summons on its registered agent for service of process, Paola Visocaro, 824 Afterglow Street, San Antonio, Texas 78216.

3.

Defendant DCV Properties LLC ("DCV") is a citizen of the State of Texas, being a limited liability company formed under the laws of the State of Texas, whose members are citizens of the State of Texas. On information and belief, the members of DCV Properties are Crystal Visocaro and Dominick Visocaro., both of whom are citizens of the State of Texas, both being domiciled at 12322 Ashley Place, San Antonio, Texas 78247. To the extent that DCV has any other members, those members are not residents of the State of Ohio, which is the state of citizenship of Central, so that complete diversity of citizenship exists between Central and DCV. DCV Properties may be served by service of summons on its registered agent for service of process, Dominick A. Visocaro, 824 Afterglow, San Antonio, Texas 78216.

## SUBJECT MATTER JURISDICTION

4.

This is an action for declaratory judgment pursuant to Title 28, United States Code, § 2201 *et seq*. Central seeks a determination of question(s) of actual controversy between the parties as hereinafter stated. Jurisdiction of this action is based upon Title 28, United States Code § 1332(a),

there being diversity of citizenship between the parties and the amount in controversy exceeds $75,000; exclusive of interest and costs.

## VENUE

5.

Venue is properly placed under Title 28, United States Code § 1391.

## FACTUAL BACKGROUND

6.

Little Italy operates a restaurant in San Antonio, Texas located at 824 Afterglow Street, San Antonio, Texas 78216. The 824 Afterglow property is owned by DCV. Both DCV and Little Italy are owned and controlled by Dominick Viscaro, who is the President of DCV, and the Director/Member of Little Italy.

7.

This lawsuit arises from a claim for hail damage made by Little Italy in connection with storm damage which allegedly occurred on or about May 27, 2020 to the 824 Afterglow property. Little Italy contends the 824 Afterglow building suffered hail damage occurring on or about May 27, 2020, which it contends requires a new roof to the building, and that the interior of the building has sustained water damage.

8.

At the time of the alleged hail and/or wind damage, Little Italy and DCV were named insureds under Central Policy Number CLP 9895169 12, with effective dates of December 1, 2019 to December 1, 2020.

9.

The amount of loss claimed by Little Italy includes removing and replacing the built up three ply roofing in place, removing and replacing the metal mansard system, and replacing 265 linear feet of gutters/downspouts. These items raise coverage issues, because DCV had previously made an insurance claim to Liberty Mutual Insurance Company ("Liberty Mutual") on April 20, 2016 for hail damage to these same items, due to a hail storm occurring on or about April 12, 2016. Serious questions exist as to whether such items, for which DCV was previously paid by Liberty Mutual, were actually repaired/replaced after Liberty Mutual paid for the repair and/or replacement of such damage.

10

After receiving notice of the claim being made by Little Italy for hail damage to the Afterglow property, Central had its attorney send a letter on August 12, 2020, by certified mail, return receipt requested, to Little Italy's public adjuster, Mitchell Adjusting International, LLC, advising of additional information being required from Little Italy in order to investigate the claim being made by Little Italy. A true and correct copy of this letter is attached as Exhibit "A".

11.

In this August 12, 2020 letter, Little Italy was informed of the previous April 2016 claim for hail damage to the 824 Afterglow property and the need to investigate whether damage being claimed by Little Italy was damage that occurred as a result of the April 2016 hail storm. As part of its investigation, the August 12, 2020 letter requested the following information from Little Italy:

    (a)    all documents regarding annual roof inspections which Little Italy has had done for the last ten years,

    (b)    all documents (such as contracts, invoices, receipts cancelled

        checks, etc.) pertaining to any roofing work of any kind done to the Little Italy property during the last ten years,

(c)    all documents that pertain to the claim submitted to Liberty Mutual for hail damage to the roof in April, 2016, including but not limited to, notice of claim, proof of loss, correspondence between Little Italy (or its representatives) and Liberty Mutual (or its representatives), engineering reports, repair estimates, contracts for repair, documents evidencing payment for repairs,

(d)    all documents that refer to a new roof being placed on the Little Italy property in 2016 or at any other time.

(e)    all photographs of the roof, metal mansard system, HVAC equipment, vents and other exterior portions of the Little Italy property divided into three time frames being 1) prior to April 12, 2016, 2) between April 12, 2016 and May 27, 2020, and 3) after May 27, 2020. If the photographs are digital, the photographs should be submitted in their electronic form with metadata. This would include the photos that have been submitted by you.

(f)    any inspection reports regarding the Little Italy property, either before or after May 27, 2020.

12.

Central had its attorney e-mail another copy of this August 12, 2020 letter to Little Italy's public adjuster on September 24, 2020. A true and correct copy of this e-mail, and the August 12, 2020 letter attached to same, are attached as Exhibit "B". At this point, neither Little Italy or DCV have produced any of the information requested by Central. Instead of complying with the policy requirements, Little Italy instead demanded appraisal on October 26, 2020.

## **BREACH OF POST-LOSS POLICY REQUIREMENTS**

13.

The insurance policy issued by Central that is involved in this lawsuit imposes certain

requirements on named insureds in the event of a loss. These are contained in Form CP 0010 10 12, "Building and Personal Property Coverage Form", as modified by the TEXAS CHANGES endorsement (Form CP0142 03 12) of the insurance contract, which provides as follows:

> "3. **Duties In The Event of Loss Or Damage**
>
>     **a.**    You must see that the following are done in the event of loss or damage to Covered Property:
>
>         (1)    Notify the police if a law may have been broken.
>
>         (2)    Give us prompt notice of the loss or damage. Include a description of the property involved. However, with respect to loss or damage in the State of Texas caused by windstorm or hail in the catastrophe area as defined by the Texas Insurance Code, any claim must be filed with us not later than one year after the date of the loss or damage that is the subject of the claim, except that a claim may be filed after the first anniversary of the date of the loss or damage for good cause shown by the person filing the claim.
>
>         (3)    As soon as possible, give us a description of how, when and where the loss or damage occurred.
>
>         (4)    Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.
>
>         (5)    At our request, give us complete inventories

                    of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

        (6)     As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.

                    Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

        (7)     Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 91 days after our request. We will supply the necessary forms.

        (8)     Cooperate with us in the investigation or settlement of the claim.

    **b.**     We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any other matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

The term "you" as used in the insurance contract means the named insured in the Declarations, which in this case is Little Italy and DCV. Therefore, both Little Italy and DCV are required to comply with these requirements. Their failure to comply is a breach of the requirements imposed on them by the insurance contract.

14.

Appraisal is premature at this time, because Little Italy and DCV have refused to: (a) provide relevant documents requested by Central, including documents pertaining to work done to repair any prior 2016 hail damage and amount(s) spent for same, to ensure that Little Italy/DCV are not being

**COMPLAINT FOR DECLARATORY JUDGMENT - Page 7**

paid twice for same; (b) allow access to the roof of the 824 Afterglow property to allow core samples to be taken of the roof so that it can be determined whether the roof on the building at the time of April 2016 damage was removed as was previously claimed to Liberty Mutual was required, so that Little Italy/DCV are not being paid twice for same; and (c) submit to an examination under oath, all of which are required by the insurance contract. Until the post-loss requirements of the insurance contract set forth above have been complied with, appraisal cannot be invoked.

15.

Little Italy and DCV should be required to produce relevant information showing what work was done on the 824 Afterglow building as a result of the April 12, 2016 hail storm, and the amount(s) incurred for same. This includes providing copies of any cancelled checks issued to pay for any of the damage which was previously claimed to be due to the April 12, 2016 hail storm, and allowing an inspection of the roof to the 824 Afterglow building in order to determine whether the roof on the building at the time of that prior storm was removed as was being claimed needed to be done, and as payment for such was made by Liberty Mutual, or whether a TPO overlay was merely placed over the old roof. Little Italy should be required to allow Central access to the roof of the 824 Afterglow location so that at least three core samples can be taken of the roof down to the decking, as this is the only way to ascertain whether the existing roof layers were removed after the 2016 storm, as was being claimed in the prior 2016 claim and which Liberty Mutual paid to do.

16.

Under the insurance contract, appraisal is only appropriate when Central and the insured "disagree on the amount of loss." Central cannot determine what losses, if any, that Little Italy has suffered due to the May 27, 2020 hail storm because Little Italy (and DCV) have failed to produce

information relevant to the prior hail damage claim with Liberty Mutual in 2016. Central has thus neither accepted nor rejected the claim at this point in time, nor been able to determine if agreement can be reached on the amount of loss. Since Central cannot determine the "amount of loss" due to the 2020 hail storm until its investigation has been completed, it is not yet clear whether Central and Little Italy will actually disagree on the "amount of loss" concerning Little Italy's claim. Because a disagreement over the "amount of loss" is a prerequisite to appraisal under the Central policy, Little Italy's attempt to invoke appraisal in this matter at this time is premature.

## DECLARATORY RELIEF SOUGHT

17.

In sum, Central would seek declaratory judgment requiring Defendants to: (a) provide the documents contained in the August 12, 2020 letter which is attached as Exhibit "A"; (b) allow core samples down to the decking to be taken from the roof of the 824 Aftrerglow building; and (c) submit to an examination under oath, all of which are needed by Central to determine whether agreement on the amount of loss can be reached. Central would also seek declaratory judgment that appraisal is premature and cannot be invoked until: (a) Little Italy and DCV have provided the documents contained in the August 12, 2020 letter which is attached as Exhibit "A"; (b) allow core samples down to the decking to be taken from the roof of the 824 Aftrerglow building; and (c) submit to an examination under oath.

18.

Alternatively, Central would seek declaratory judgment that it has no liability to Little Italy because Little Italy has not sustained a pecuniary loss which would be required for it to recover under the property coverage of the Central policy involved in this lawsuit. In the event Central has no

liability to Little Italy because Little Italy has not sustained a pecuniary loss as would be required for coverage, Central would seek reimbursement from Little Italy for any payments made by Central to Little Italy which were not owed by Central to Little Italy.

19.

There exists an actual controversy between Plaintiff and Defendants within the jurisdiction of this Court involving the rights and liabilities under the insurance policy described above issued by Central to Defendants. This controversy may be determined by judgment of this Court, without other suit.

WHEREFORE, Plaintiff prays:

A. This Court determine and adjudicate the liabilities of the parties herein with respect to the policy of insurance described in this complaint;

B. That declaratory judgment be issued requiring Defendants to: (1) submit to an examination under oath; (2) produce relevant documents requested by Central contained in the August 12, 2020 letter attached as Exhibit "A"; and (3) provide access to the roof of the 824 Afterglow property so that core samples can be taken to determine whether damage being claimed to Central was damage that occurred back in April of 2016, and therefore not covered by the Central insurance policy involved in this lawsuit; and

C. That Plaintiff be awarded such other and further relief to which it may be entitled, at law or at equity.

Respectfully submitted,

/S/Russell J. Bowman
Russell J. Bowman
Texas State Bar No. 02751550
800 West Airport Freeway, Suite 860
Irving, Texas 75062
(214) 922-0220
(214) 922-0225 (FAX)
E-Mail: russelljbowman@sbcglobal.net
ATTORNEY FOR PLAINTIFF